UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GOLDEN,

    Petitioner,                                             Civil Action No. 07-CV-14796

v.                                                      HON. BERNARD A. FRIEDMAN

PERCY CONERLY,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John Golden seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 6- to10-year sentence for breaking and entering a building with intent to commit a larceny, in violation of Mich. Comp. Laws § 750.110. For the reasons stated below, the petition for writ of habeas corpus is denied.

### I. Background

On November 12, 2003, petitioner pled guilty in Wayne Circuit Court to breaking and entering a building with intent to commit a larceny. He was sentenced to serve six months probation, with the first 100 days to be served in the Wayne County Jail.

On April 27, 2004, Petitioner was charged with violating the terms of his probation. The petition for probation revocation alleged that a television news station had videotaped petitioner illegally purchasing scrap metal, and that petitioner had failed to maintain verifiable employment. The Michigan Court of Appeals summarized the evidence presented at petitioner's probation violation hearing as follows:

> At defendant's probation violation hearing, evidence was
> presented that Detroit police officer Chris Gibson had contact with

> defendant and defendant's father on at least five occasions regarding their operation of a scrap yard on residential property without a license. Gibson's most recent contact with defendant occurred approximately one month before the hearing and two days before Gibson saw the television news report featuring defendant. Gibson had received complaints that defendant was still operating a scrap yard at his residence, which defendant denied. Gibson observed shopping carts full of metal being unloaded onto the sidewalk before being loaded onto defendant's white truck, which Gibson had previously impounded because of similar conduct.
>
> A local business owner, John Sarcone, testified that he followed a man with a shopping cart to defendant's residence on one occasion, and that he observed persons delivering scrap metal items to defendant's residence. Sarcone contacted the television news crew, and assisted in the production of the television news report detailing defendant's activity. A videotape of the report was played at the hearing.

*People v. Golden*, No. 260020, 2006 WL 3332919, at *1 (Mich. Ct. App. Nov. 16, 2006).

Following the hearing, the trial court found that petitioner was running a business out of his back yard of his home that consisted of buying scrap from people in shopping carts at all hours of the day. The court found that the video showed petitioner taking scrap that was being delivered and showed him loading it onto a truck owned by him. The court concluded that petitioner was receiving stolen goods and found him guilty of violating the terms of his probation. At the sentencing hearing the court departed above the recommended guideline range and sentenced petitioner to a prison term of six to ten years.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, making the following arguments:

> I. The court committed reversible error which it sentence Mr. Golden to a term of 6 to 10 years where his sentencing guidelines were 0-17 months where there was not substantial and compelling reasons for exceeding the guidelines and where the imposition of such sentence

2

was disproportionately severe when considering the circumstances surrounding the offense and the offender and causing the sentence to be cruel and unusual punishment.

II. Mr. Golden is entitled to a rehearing where the people were permitted to amend the petition for probation violation and defendant did not get prior written notice of the same.

III. The court improperly considered evidence of charges that were not contained in the probation violation petition and that were not part of the original probation order, thereby requiring a reversal of counts I and III of the petition, since the court assumed without proof beyond a reasonable doubt that Mr. Golden violated the laws of the State of Michigan.

IV. The trial court erred when it invaded the province of the prosecutor resulting in the defendant receiving an unfair trial contrary to the due process clause of the United States Constitution.

The Michigan Court of Appeals granted leave to appeal but affirmed petitioner's conviction and sentence in an unpublished opinion. *See Golden*, *supra*, No. 260020, 2006 WL 3332919. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The application was denied by standard order. *See People v. Golden*, 480 Mich. 919 (2007). Petitioner now files the present petition for writ of habeas corpus, asserting the same four claims he presented to the Michigan Courts.

## II. Analysis

### A. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, petitioner is entitled to a writ of habeas corpus only if he demonstrates that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### B. <u>Sentencing Claims</u>

Petitioner first raises three challenges to his sentence: (1) that the trial court erroneously departed from the recommended sentencing guideline range; (2) that his sentence is disproportionately severe compared to the seriousness of his crime; and (3) that his sentence is cruel and unusual in violation of the Eighth Amendment.

Habeas relief is not available to petitioner based on these claims. First, the trial

court's departure from the recommended guideline range does not present a cognizable issue. It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is based on an alleged violation of Michigan sentencing law. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Coy v. Renico,* 414 F. Supp.2d 744, 780 (E.D. Mich. 2006).

Petitioner has no enforceable interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp.2d 740, 752 (E.D. Mich. 2005); *Lovely v. Jackson,* 337 F. Supp.2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief. *See Drew v. Tessmer,* 195 F. Supp.2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp.2d 992, 1009 (E.D. Mich. 1999). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp.2d 474, 485 (E.D. Mich. 2004).

Moreover, the trial court's alleged failure to articulate sufficient substantial and compelling reasons for departing above the sentencing guidelines range, as required by M.C.L.A. 769.34(3), does not entitle Petitioner to habeas relief because it is simply another allegation that the state court violated Michigan law. *Jackson v. Hofbauer*, No. 2008 WL 4937956, * 3 (E.D. Mich. November 13, 2008); *Koras v. Robinson,* 123 Fed. Appx. 207, 214 (6th Cir. 2005)(state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of Mich. Ct. R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

Next, petitioner's claim that his sentence violates Michigan's requirement that a

sentence be proportional to the offense likewise is not cognizable. Because the United States Constitution contains no strict proportionality guarantee, *see Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a claim that the sentencing court violated Michigan's principle of proportionality implicates only state law. *See Lunsford v. Hofbauer*, 52 F.3d 325 (6th Cir. 1995); *Welch v. Burke*, 49 F. Supp.2d 992, 1009 (E.D. Mich. 1999). Therefore, to the extent that petitioner relies upon the Michigan proportionality rule established in *People v. Milbourn*, 435 Mich. 630 (1990), his claim is solely one of state law which is not cognizable on federal habeas review.

Petitioner's claim that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishments cannot be supported by clearly established Supreme Court precedent. "A sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995). Petitioner's sentence does not exceed that allowed under Michigan law. The Eighth Amendment "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003). Therefore, federal courts generally will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without a possibility of parole. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *Seeger v. Straub*, 29 F. Supp.2d 385, 392 (E.D. Mich. 1998). For these reasons, the court finds that petitioner is not entitled to habeas relief regarding his sentencing claims.

### C. Written Notice of Amended Charge

Petitioner next claims that the state trial court erroneously allowed the prosecutor to amend the probation violation petition without providing written notice. The original petition alleged that petitioner violated the terms of his probation by illegally purchasing scrap metal and by

6

failing to maintain verifiable employment. At the probation violation hearing the court allowed the prosecutor to amend the petition to include a claim that petitioner operated a scrap yard without a licence. The court then granted a nine-day adjournment to give petitioner time to prepare to defend against the new charge. Petitioner did not request written notice in addition to receiving the adjournment. The Michigan Court of Appeals found that the claim was not preserved for review:

> Because defendant did not object to the amendment of the petition on this basis in the trial court, this issue is not preserved fo appellate review. *People v. Bauder,* 269 Mich. App. 174, 177 (2005). As such, our review is limited to plain error affecting defendant's substantial rights. *People v. Carines*, 460 Mich. 750, 763, 774 (1999). Reversal is warranted only if the error resulted in conviction of an actually innocent defendant, or if it seriously affected the fairness, or public reputation of judicial proceedings, independent of the defendant's innocence. *People v. Knox*, 469 Mich. 502, 508 (2004).

*Golden*, 2006 WL 3332919, at *5.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87(1977). Such a procedural default occurs when a petitioner fails to comply with a state procedural rule, the rule is relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005). Procedural default may be excused where the petitioner demonstrates cause and prejudice for his failure to comply with the state procedural rule, or when a petitioner establishes that failing to review the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Combs v. Coyle*, 205 F.3d 269, 274 (6th Cir. 2000). To demonstrate that a "fundamental miscarriage of justice" would occur absent review of a petitioner's claim, the petitioner must assert a credible claim of actual innocence that is supported by reliable evidence that was not presented at trial.

7

*Schlup v. Delo*, 513 U.S. 298, 315-16 (1995).

Petitioner's written notice claim was procedurally defaulted by virtue of his failure to object to the lack of written notice in the trial court. The Michigan Court of Appeals' application of plain-error review constitutes the invocation of an independent and adequate procedural rule that bars federal review of the merits of his claim absent a showing of "cause and prejudice." *Fleming v. Metrish*, 556 F.3d 520, 524 (6th Cir. 2009).

The only conceivable basis for cause would be an argument that petitioner's trial counsel was ineffective for failing to demand written notice of the additional charge in addition to receiving the adjournment. However, when a petitioner claims ineffective assistance of counsel as cause for a procedural default, the allegation of ineffectiveness is a separate claim which must itself be exhausted in state court according to the normal procedures. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986). The failure to exhaust the ineffectiveness claim will itself constitute a procedural default of the cause argument and prevents a federal court from hearing it. *See Edwards*, 529 U.S. at 452. Petitioner never exhausted a claim that his trial counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct. Accordingly, he cannot demonstrate cause to excuse his default. Petitioner's second claim must therefore be denied.

### D. Trial Court Bias

Petitioner also claims that the state trial court was biased against him. He asserts that the trial court's questioning of witnesses, suggesting to the prosecutor that he amend the probation violation petition, allowing the prosecutor to present prior-bad-acts evidence, and his remarks at sentencing demonstrate that the court was predisposed to rule against him.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *See United States v. Lowe*, 106 F.3d 1498, 1504 (6th Cir. 1997). "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'" *Getsy v. Mitchell*, 495 F.3d 295, 311 (6th Cir.2007) (quoting *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir.2006)). The Supreme Court has ruled that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). "A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id*. A judge is required to recuse himself or herself only where he has actual bias or "a predisposition 'so extreme as to display clear inability to render fair judgment.'" *Johnson v. Bagley*, 544 F. 3d 592, 597 (6th Cir. 2008) (*quoting Liteky*, 510 U.S. at 551). In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his or her official duties. *See Johnson v. Warren*, 344 F. Supp.2d 1081, 1093 (E.D. Mich. 2004).

A probation violation hearing is unlike a criminal trial and does not provide the accused with the full panoply of constitutional protections. In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court held that a probationer who faces revocation of probation is entitled only to the same due process guarantees that are afforded a parole violator under *Morrissey v. Brewer*, 408 U.S. 471 (1972). These "minimum requirements of due process" are: (a) written notice of the

9

claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses unless there is good cause to disallow confrontation, (e) a neutral and detached hearing body and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.* at 786. Under Michigan law, the specific conduct of a probation violation hearing is within the state trial court's discretion. *See* Mich. Comp. Laws § 771.4. Accordingly, in such a proceeding the allowance of prior-bad-act evidence, the questioning of witnesses by the court, and the allowance of an amendment to the charging document are not in themselves indications that the trial judge was biased.

Furthermore, an examination of the state trial court's conduct at the hearing does not support petitioner's claim of bias. The Michigan Court of Appeals noted that the nature of the questioning did not suggest that the judge was biased in favor of the prosecution:

> Although defendant contends that the trial court's comments and questions transcended the limits of judicial impartiality, he cites no specific comments or questions as improper. A review of the record reveals that the trial court's questioning and remarks were not improper or partial. In fact, the trial court's questioning of Sarcone revealed that although Sarcone suspected that items stolen from his business had eventually ended up on defendant's truck, Sarcone did not actually see the items from his business on defendant's property. The trial court was merely exercising its discretion in posing questions to certain witnesses. Defendant has not established plain error in this regard.

*Golden*, 2006 WL 3332919, at *8.

The comments made by the trial court at sentencing do not indicate bias against petitioner. As explained by the Supreme Court in *Litkey*, a judge's comments must "display a

deep-seated favoritism or antagonism that would make a fair judgment impossible." 510 U.S. at 551. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality. 510 U.S. at 555-556. Here, the trial court's remarks at sentencing did not reflect bias against petitioner, but offered an explanation for imposing a prison sentence for what may have seemed on the surface to be a relatively minor offense:

> [M]y remarks about Mr. Golden and the consequences of Mr. Golden's actions on the city or people who commit crimes like that was not meant to blame Mr. Golden for all of the city's problems, but only meant to put the offenses that Mr. Golden apparently has an inability to stop committing into some context. They're not trivial offenses especially when they're committed repeatedly and regularly and on a fairly broad scale as they are by Mr. Golden . . . .
>
> * * *
>
> And I think it's very important to note that Mr. Golden had just - had been sentenced to a prison term for virtually the same crime in Macomb County I think in '97. He served a prison term, then was on parole for a period of time, got off parole just months before he committed this new offense that was before me and his presentence investigation report indicated th[at] his adjustment to parole was poor, but he did manage to successfully complete parole but with, I guess, apparently with a lot of reservations on the part of the Michigan Department of Corrections. And then just very shortly . . . after he got off parole he committed the offense that was before me. After having served a prison sentence for the same thing, we've got this guy coming here before us committing the same crime . . . . He got a very lenient sentence under the circumstances, 100 days in the Wayne County Jail, six months probation. . . . And then within weeks of his getting out of jail he starts committing these crimes again, committing the same kinds of offenses again after having already served a prison term. He served a jail term on my watch.

*Golden,* 2006 WL 3332919, at \*\*3-4.

These comments do not display a deep-seated antagonism that would make a fair judgment impossible. Rather, they only expressed impatience and dissatisfaction with petitioner that

11

do not establish bias or partiality. The court finds that the Michigan Court of Appeals' decision rejecting this claim was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court precedent. The claim must therefore be denied.

### E. Sufficiency of the Evidence

Petitioner claims that insufficient evidence was presented at his probation revocation hearing to support the trial court's decision. Specifically, petitioner asserts that the prosecutor failed to present sufficient evidence to support the amended charge that petitioner did not have verifiable employment and that he did not have a license to run a scrap yard.

The rights to a jury trial and to proof beyond a reasonable doubt do not apply to probation revocation proceedings. *See United States v. Knights*, 534 U.S. 112, 120 (2001). In Michigan, the prosecutor bears the burden of establishing a probation violation by a preponderance of the evidence; the rules of evidence, other than those concerning privileges, do not apply. *See People v. Ison*, 132 Mich. App. 61, 66 (1984); MCR 6.445(E)(1). A court may consider evidence at a parole or probation revocation hearing that would be inadmissible in a criminal prosecution. *See Morrissey*, 408 U.S. at 489. Here, petitioner's probation officer testified that petitioner never provided proof of employment and informed him that he was unemployed. Officer Gibson testified that petitioner did not possess a license to operate his business. This evidence allowed the state trial court to find by a preponderance of the evidence that petitioner violated the terms of his probation. Therefore, the claim must be denied.

### III. Conclusion

For the reasons stated above, the court will deny the petition in this matter for a writ

12

of habeas corpus. The court will also decline to issue a certificate of appealability. In order to obtain such a certificate, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To make such a showing, the applicant must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *See id.* at 484

For the reasons stated in this opinion, the court concludes that petitioner has failed to make a substantial showing of the denial of a federal constitutional right. No certificate of appealability is available. Likewise, the court will not permit petitioner to proceed on appeal *in forma pauperis*, because the appeal would be frivolous.

## V. <u>ORDER</u>

For the reasons stated above,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis.*

                                                  S/Bernard A. Friedman_____

Dated: October 22, 2010           BERNARD A. FRIEDMAN
     Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE